RADER, Chief Judge,
concurring.
I agree the defendant-appellees’ actions do not satisfy personal jurisdiction in Wyoming. I write separately, however, to comment further on this court’s application of McIntyre Machinery, Ltd. v. Nicastro, — U.S. -, 131 S.Ct. 2780, 180 L.Ed.2d 765 (2011).
The per curiam opinion relies on precedent and declines to revise the jurisdictional standard, but notes the Supreme Court’s divide in Asahi Metal Industry Co. v. Superior Court of California between Justice O’Connor’s “stream of commerce plus” or “foreseeability plus” test and Justice Brennan’s mere “foreseeability” test. 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). As the narrowest holding among the plurality opinions, Justice Breyer’s concurrence in McIntyre controls. Marks v. United States, 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977).
In the present case, the per curiam opinion contends Justice Breyer neither endorses Justice O’Connor’s reasoning in Asahi nor provides a rule of law. However, the McIntyre concurrence clarifies that a single sale is inadequate “even if that defendant places his goods in the stream of commerce, fully aware (and hoping) that such a sale will take place” McIntyre, 131 S.Ct. at 2792 (emphasis added). By acknowledging a defendant’s intent and awareness, Justice Breyer’s concurrence departs from evaluating and establishing jurisdiction on mere “foreseeability.” In support, the McIntyre concurrence cites Justice O’Connor’s test “requiring ‘something more’ than simply placing ‘a product into the stream of commerce,’ even if defendant is ‘awar[e]’ that the stream ‘may or will sweep the product into the forum State.’ ” Id. at 2792 (citing Asahi, 480 U.S. at 117, 107 S.Ct. 1026). Justice Breyer applies Justice O’Connor’s approach by emphasizing the relevant facts in McIntyre lacked “something more” to establish jurisdiction. Id.
Emphasis on assessing the presence of “something more” would clarify the muddled “stream of commerce” concept. Accordingly, this court would benefit from application of Justice Breyer’s approach to personal jurisdiction. This court should examine the pleading and record to see if it evinces “something more” than a single *1368 sale or placement of goods into the stream of commerce (with knowledge that a sale may take place in the target forum state).
Consequently, from that vantage point, Beverly Hills Fan, with its unfettered reliance on a “stream of commerce” theory, is now shaky precedent to the extent that it runs counter to the McIntyre decision. See Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1565 (Fed.Cir.1994). In finding defendants’ contacts in the forum state provided sufficient warning they could be hailed into court, Beverly Hills Fan states that plaintiffs “allegations are that defendants purposefully shipped the accused fan into Virginia through an established distribution channel,” notes “[t]he cause of action for patent infringement is alleged to arise out of these activities,” and then concludes that “[n]o more is usually required to establish specific jurisdiction.” Beverly Hills Fan, 21 F.3d at 1565. In the wake of the Supreme Court’s guidance, this approach does not reflect the obligation to analyze the sufficiency of pleadings or record for “something more” that is necessary for personal jurisdiction.
In sum, the mere recitation of the stream of commerce theory is insufficient for a court’s exercise of jurisdiction. This court might reliably require that “something more” be present to satisfy personal jurisdiction requirements. McIntyre, 131 S.Ct. at 2788, 2792.